2001 OK JUD ETH 8.

## JUDICIAL ETHICS OPINION 2001-8.

Oklahoma Judicial Ethics Advisory Panel.

Filed Oct. 1, 2001.

Modified Dec. 17, 2001.

---

¶ 0 QUESTION 1: May a new elected or appointed judge continue to serve on a County Bar Association Professional Responsibility Committee which screens ethical complaints against local lawyers for the General Counsel of the Oklahoma Bar Association?

¶ 1 SPECIFIC FACTS: The judge before appointment, served as a member of such committee; some of the lawyers the committee would screen complaints against, would likely practice before the judge.

¶ 2 WE ANSWER: NO.

¶ 3 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities.**

¶ 4 Canon 2A: A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and *impartiality* of the judiciary." (emphasis added)

¶ 5 Canon 3D: "A judge should report to the appropriate disciplinary authority any unprofessional conduct of a judge or lawyer of which the judge may become aware."

¶ 6 Canon 4A: **"Extra–Judicial Activities in General.** A judge should conduct all of the judge's extra-judicial activities so that they do not:

1. cast reasonable doubt on the judge's capacity to act impartially as a judge;

2. demean the judicial office; or

3. interfere with the proper performance of judicial duties."

¶ 7 Canon 4C(3): "A judge may serve as an officer, director, trustee or non-legal advisor of an organization or governmental agency devoted to the improvement of the law, the legal system, or the administration of justice . . ."

¶ 8 We agree with the Judicial Inquiry Commission of the State of Alabama, answering a similar inquiry, that while a sitting judge may generally continue to participate in a local bar organization after election, or appointment to the bench, and is in fact encouraged to do so by Canon 4, that to serve on a Professional Responsibility Committee which screens ethical complaints against members of the local bar, could easily cast doubt upon the judge's ability to decide cases involving such lawyers impartially as required by Canon 2A. Such participation could also conflict with the judge's responsibility under Canon 3D to report to the disciplinary authority, any unprofessional conduct by a lawyer of which the judge may have personal knowledge.

¶ 9 Robert L. Bailey, Chairman

Milton C. Craig, Secretary